# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

TODD BOOTH,

    Plaintiff,

vs.                                              Case No. 4:09cv465-RH/WCS

ERICSSON, INC.,

    Defendant.

_____/

## ORDER and REPORT AND RECOMMENDATION

Numerous motions have been recently filed by Plaintiff, docs. 10-13, and two motions filed by the Defendant remain outstanding. Docs. 4, 8. Plaintiff filed a motion for partial summary judgment on December 28, 2009. Doc. 10. Plaintiff's motion does not actually request that summary judgment be entered in Plaintiff's favor on any of his claims. Rather, Plaintiff is requesting that the case be remanded. *Id.* Plaintiff states that his motion "will support [Plaintiff's] Motion to Remand" and Plaintiff claims the Notice of Removal was improper. Doc. 10, p. 2. The document will not, therefore, be considered as a motion for partial summary judgment but as a supplement to Plaintiff's

motion for remand, doc. 11.[1]  That motion will be addressed below.  As a supplemental motion, doc. 10, it is denied.

Before doing so, Plaintiff's "motion to compel EUS to Adhere to N.D. Fla. Loc. R. 7.1(B)," doc. 12, has been reviewed.  Plaintiff alleges that "EUS's motion [to dismiss] did not include a certificate of conference declaration" as is required by N.D. Fla. Loc. R. 7.1(B).  Plaintiff includes many requests for relief within that motion, doc. 12, but only Plaintiff's request that Defendant's attorneys comply with Rule 7.1 and include a certificate of conference will be considered.[2]  Review of Defendant's "motion to dismiss or to transfer for improper venue," doc. 4, reveals Plaintiff is correct.  There is no certificate of conference on the motion.  In the future, counsel shall comply with N.D. Fla. Loc. R. 7.1(B).  A motion to dismiss is not one of the motions exempted from the obligation of conferral before filing.

Plaintiff's motion to remand was filed on December 28, 2009.  Doc. 11.  Plaintiff contends that his state court action "was to compel and stay arbitration."  Doc. 11, p. 4.  He further contends he "needs the Court's assistance to compel EUS to pay the AAA Arbitration Institute's fees."  Doc. p. 5.  Plaintiff asserts that the LTSA Contract requires EUS to pay the costs of arbitration.  *Id.*  Plaintiff further claims that "EUS's Notice of Removal alleged" that Plaintiff already had his claim adjudicated and dismissed in

---

[1] Another reason not to consider it a summary judgment motion is that throughout the document, Plaintiff points to disputes of the material facts and claims the Court would need "to make assumptions, concerning the Material Fact Disputes, in order to make the correct ruling . . . ."  *Id.*, at 3.  Summary judgment is not proper if there are genuine disputes of material facts.  FED. R. CIV. P. 56(c).

[2] All other requests for relief by Plaintiff are beyond the title and, thus, nature of the document filed.  A motion to compel adherence to a rule is far different than a motion to compel the production of documents.

Case No. 4:09cv465-RH/WCS

September, 2003, but Plaintiff claims that award is a forgery. *Id.*, at 8-9. Plaintiff does, however, acknowledge that he previously sued EUS in the Southern District of Florida concerning EUS's obligations under the LTSA Contract. *Id.*, at 11. Plaintiff also stated that he previously "initiated one or more proper arbitration cases" and states that none of those "case have completed." *Id.*, at 4.

Nevertheless, to determine if remand is appropriate as requested by Plaintiff, the notice of removal and related documents have been reviewed again. Defendant filed the notice of removal on December 3, 2009, doc. 1, and alleged the basis for removal. The allegations from the notice of removal demonstrated that § 1331 subject matter jurisdiction existed as I concluded previously. *See* doc. 5. The notice also provided that copies of all process served were being filed as Exhibit B, and "any process, pleadings, motions and orders on file with the Clerk which are not included in Exhibit B" would be filed "within ten" days. *Id.*, at 2, n.1. It is presumed that "Exhibit B" is the case initiating document Plaintiff filed in the Circuit Court for Leon County, Florida. Doc. 1-1, p. 29. While not titled as a complaint, which would be the usual initiating pleading, the document is titled a "motion to compel and stay arbitration." *Id.* Put in context with the information provided by Plaintiff in his motion to remand, that his state court action "was to compel and stay arbitration," doc. 11, p. 4, then this document would appear to be the initiating document served upon Defendant.

Most importantly for present purposes, Defendant also attached to the notice of removal an Exhibit A. That document is a copy of the order adopting a report and recommendation entered in <u>Booth v. EUS, Inc.</u>, case 04-80322, from the Southern District of Florida. Doc. 1-1. Judge Ryskamp found Plaintiff's claims were barred by *res*

*judicata* and granted Defendant's motion for sanctions, concluding Plaintiff's filing of that case was done solely for "harassment only." Doc. 1-1. Plaintiff was then "enjoined from refiling claims previously litigated." Doc. 1-1, p. 18. That order was entered on February 28, 2005. *Id.*, at 19.

In light of that order, the best course of action is to transfer venue of this case to the Southern District of Florida for review of Plaintiff's claims. That Court will be in the best position to determine whether Plaintiff's claims are separate from those previously brought. If the claims are not separate and distinct, then the Southern District should have the opportunity to address Plaintiff's conduct which might violate the injunction entered by Judge Ryskamp in case 04-80322.

Furthermore, if Plaintiff has not violated the injunction and his newly initiated case is proper to proceed, there is nothing within Plaintiff's "motion to compel and stay arbitration" that demonstrates venue is proper in the Northern District of Florida. Defendant does business in Dade County and has a registered agent in Broward County. Doc. 4, p. 4. Indeed, Plaintiff states that he was "unable to determine in which Florida counties defendant EUS has a residence or in which Florida counties EUS conducts business." Doc. 1-1, p. 37. Thus, Plaintiff has not demonstrated venue is appropriate here, and more importantly, as Plaintiff is not located within the United States, he is not prejudiced by the transfer to the Southern District of Florida. Federal law provides that an action may be transferred to any other district where it might have been brought, for "the convenience of parties and witness [and] in the interest of justice. 28 U.S.C. § 1404. This case should be transferred to the Southern District of Florida in the interest of justice.

Accordingly, it is

**ORDERED**:

1. Plaintiff's motion for partial summary judgment, doc. 10, construed as a supplement to Plaintiff's motion for remand, doc. 11, is **DENIED**.

2. Plaintiff's "motion to compel EUS to Adhere to N.D. Fla. Loc. R. 7.1(B)," doc. 12, is **GRANTED** to the extent that Defendant's attorneys must comply with N.D. Fla. Loc. R. 7.1.

**DONE AND ORDERED** on January 15, 2010.

> s/   William C. Sherrill, Jr.
> **WILLIAM C. SHERRILL, JR.**
> **UNITED STATES MAGISTRATE JUDGE**

**REPORT AND RECOMMENDATION**

In light of the above, it is respectfully **RECOMMENDED** that Plaintiff's motion to remand, doc. 11, be **DENIED**, and Defendant's motion to dismiss or to transfer for improper venue, doc. 4, be **GRANTED in part** and this action be transferred to the United States District Court for the Southern District of Florida for all further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on January 15, 2010.

> s/   William C. Sherrill, Jr.
> **WILLIAM C. SHERRILL, JR.**
> **UNITED STATES MAGISTRATE JUDGE**

Case No. 4:09cv465-RH/WCS

## NOTICE TO THE PARTIES

A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.

Case No. 4:09cv465-RH/WCS